Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Ave., Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| **Ray L. Glad,** | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **National Credit Systems, Inc.;** and **Experian Information Solutions, Inc.;** | |
| Defendants. | (Jury Trial Demanded) |

Plaintiff alleges as follows:

### I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter "FDCPA"), and/or the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Plaintiff seeks

1  to recover statutory damages, actual damages,
2  punitive damages, costs and attorney's fees.

### II.   Statutory Structure of FDCPA

4  2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III. STATUTORY STRUCTURE OF FCRA.

8. When Congress enacted the FCRA in 1970, it recognized that "Unfair credit methods undermine the public confidence which is essential to the continued functioning of the banking system." FCRA § 1681(a)(1).

9. Congress crafted the FCRA to protect consumers from the transmission of inaccurate information about them. Kates v. Croker National Bank, 776 F.2d 1396, 1397 (9th Cir. 1985).

10. In 1996 Congress amended the FCRA imposing upon furnishers of information, such as the defendant herein, detailed and specific responsibilities,

- 3 -

1  including those in FCRA § 1681s-2(b). The furnisher
2  has its own obligation to conduct a reasonable
3  investigation of Plaintiff's disputes. <u>Johnson v.</u>
4  <u>MBNA</u>, 357 F.3d. 426 (4th Cir. 2004); <u>Cushman v.</u>
5  <u>Trans Union Corporation</u>, 115 F.3d 220, 227 (3d Cir.
6  1997).
7  11. Any furnisher which fails to conduct a reasonable
8  investigation under FCRA § 1681s-2(b), is liable to the
9  consumer for any actual damages sustained, and if
10 the failure is willful, then actual damages
11 sustained or statutory damages of not less than $100
12 and not more than $1,000, and punitive damages,
13 together with attorney's fees and costs of the
14 action. FCRA §§ 1681n and *o*.

### IV. JURISDICTION

16 12. Jurisdiction of this Court, over this action and the
17 parties herein, arises under 15 U.S.C. §1692k(d)
18 (FDCPA), 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. §
19 1331. Venue lies in the Phoenix Division of the
20 District of Arizona as Plaintiff's claims arose from
21 acts of the Defendants perpetrated therein.

- 4 -

**V. PARTIES**

13. Plaintiff is a citizen of Maricopa County, Arizona.
14. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as defined by FDCPA § 1692a(3) and FCRA § 1681a(c).
15. Defendant National Credit Systems, Inc. ("NCS") is a Georgia corporation doing business in the State of Arizona.
16. NCS is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0904223.
17. NCS regularly collects or attempts to collect debts owed or asserted to be owed or due another.
18. NCS is a "debt collector" as defined by FDCPA § 1692a(6).
19. NCS is a "person" as defined by FCRA § 1681a(b).
20. NCS is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.
21. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation conducting business in the state of Arizona.

22. Experian is both a "person" and a "consumer reporting agency" as those terms are defined and contemplated under the FCRA.

### VI.  Factual Allegations

23. In March 2009, Plaintiff was in the process of obtaining financing for the purchase of a vehicle from Berge Mazda/Volkswagen in Gilbert, Arizona when he first learned that NCS was reporting a derogatory collection account on his credit bureaus.
24. Shortly thereafter, Plaintiff obtained copies of his credit reports from both Trans Union and Experian.
25. The Trans Union report showed NCS reporting a collection account for Park Terrace Apartments.
26. Plaintiff recognized Park Terrace Apartments as the name of an apartment complex that he had not resided at since 1994.
27. The Trans Union report reflected that NCS had updated its report of the Park Terrace debt as recently as February 2009, showing a balance owing of $790,977, and a past due amount of $65,000.
28. Plaintiff's Experian report also showed the NCS tradeline for the Park Terrace Apartments debt with a balance owed of "$790,977.
29. Plaintiff disputed the NCS tradeline with Trans Union and Experian stating that he did not owe a

      debt to NCS or Park Terrace Apartments.

30. Upon information and belief, Trans Union received Plaintiff's dispute, and thereafter contacted NCS by sending an Automated Consumer Dispute Verification Form or ACDV.

31. Upon information and belief, NCS responded to the ACDV from Trans Union by verifying that its tradeline should be deleted.

32. In the alternative, Trans Union unilaterally determined that the NCS tradeline was inaccurate and deleted it from Plaintiff's Trans Union credit report.

33. Upon information and belief, Experian received Plaintiff's dispute, and thereafter contacted NCS by sending an Automated Consumer Dispute Verification Form or ACDV.

34. Upon information and belief, NCS returned the ACDV to Experian indicating that its tradeline was reporting accurately and that the debt should remain on Plaintiff's credit bureau.

35. On April 11, 2009, Experian sent Plaintiff notice that NCS had verified its tradeline, and that the NCS account would remain on his Experian credit report until October 2011.

36. Upon information and belief, Experian's

1  investigation of Plaintiff's dispute of the NCS tradeline consisted only of contacting NCS though sending an ACDV.
37. Defendants have continued to report inaccurate, derogatory and improper information and failed to retract, delete and/or suppress inaccurate, derogatory and improper information about the Plaintiff, as described more fully herein.
38. As a result and proximate cause of Defendants' actions, Plaintiff has suffered actual damages, including, but not limited to, higher interest rates, loss of credit opportunities, denial of credit, and emotional distress.

### VII. Causes of Action

#### a. Fair Debt Collection Practices Act

39. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
40. Defendant NCS's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, and 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g.
41. As a direct result and proximate cause of Defendant NCS's actions in violation of the FDCPA, Plaintiff has suffered and continues to suffer actual damages.

#### b. Fair Credit Reporting Act

42. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.
43. Defendant NCS failed to conduct a reasonable investigation of Plaintiff's disputes it received from the consumer reporting agencies, and otherwise failed to comply with FCRA § 1681s-2(b).
44. As a result of Defendant NCS's actions, Plaintiff has been damaged.
45. Defendant Experian failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681i.
46. Defendant Experian has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about Plaintiff which was inaccurate, false, erroneous and misleading despite notice from Plaintiff that such information was inaccurate.
47. Defendant Experian has willfully, or alternatively, negligently, violated FCRA § 1681i.
48. As a direct result and proximate cause of Experian's continued reporting of erroneous and adverse information on Plaintiff's credit reports, Plaintiff has suffered and continues to suffer damages including, but not limited to, humiliation, embarrassment, anxiety, credit denial, higher

1  interest rates, higher insurance rates, and/or loss
2  of opportunity.
3  49. As a result of Defendants' negligent failure to
4      comply with the FCRA, Defendants are each liable to
5      Plaintiff in an amount equal to the sum of (1) any
6      actual damages sustained by Plaintiff as a result of
7      said failure and (2) the costs of this action
8      together with reasonable attorneys' fees.
9  50. As a result of Defendants' willful failure to comply
10     with the FCRA, Defendants are liable to Plaintiff in
11     an amount equal to the sum of (1) any actual damages
12     sustained by Plaintiff as a result of the failure or
13     damages of not less than $100.00 and not more than
14     $1,000.00 for each such violation; (2) such amount
15     of punitive damages as the court may allow; and (3)
16     the costs of this action together with reasonable
17     attorneys' fees.

### VIII.  DEMAND FOR JURY TRIAL

19 Plaintiff hereby demands a jury trial on all issues
20 so triable.

### IX.  PRAYER FOR RELIEF

22 WHEREFORE, Plaintiff requests that judgment be
23 entered against Defendants for:
24 a) Statutory damages of $1,000 pursuant to FDCPA §
25     1692k against Defendant NCS only;

b) Actual damages for the FDCPA violations in an amount to be determined at trial against Defendant NCS only;

c) Actual damages under the FCRA, or in the alternative, statutory damages of $1,000 per violation pursuant to FCRA § 1681n;

d) Punitive damages pursuant to FCRA § 1681n;

e) Costs and reasonable attorney's fees pursuant to §1692k and §§ 1681n and/or *o*; and

f) Such other relief as may be just and proper.

DATED    April 27, 2009   .

                s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff